# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Geraldine Soat Brown | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 6149 | **DATE** | 9/21/2010 |
| **CASE TITLE** | Driver et al. Vs. Appleillinois, LLC | | |

**DOCKET ENTRY TEXT**

Plaintiffs' Motion to Compel Discovery from Defendant AppleIllinois and Individual Defendants Smith, Borke, Brugh and Kreger [246] is granted in part and denied in part, and continued in part for *in camera* review of certain documents, as set out below.

■[ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

Plaintiffs' motion was previously granted as to discovery directed to defendant J. Timothy Brugh. *See* Order, Aug. 27, 2010. [Dkt 252.] Because Mr. Brugh failed to respond to discovery in a timely manner, any possible objections are waived. Fed. R. Civ. P. 33(b)(4).

Plaintiffs have filed a suggestion of the death of defendant James Borke. Accordingly, the motion to compel is denied without prejudice as to Mr. Borke until it is determined whether a motion for substitution of Mr. Borke's successor or representative will be made pursuant to Fed. R. Civ. P. 25(a)(1).

<u>Regarding Plaintiffs' Second Set of Interrogatories and Second Request for Production of Documents to Defendant AppleIllinois, LLC</u>.:

Interrogatory 13: The motion is granted, limited as follows: For each bank account owned or used by AppleIllinois at any time since October 2003 to present, AppleIllinois shall provide: the name and address of the bank, the nature of the account (general operating, payroll, etc.) and the signatories on the account.

Document Request 36: The motion is granted, limited as follows: For each account identified in the answer to Interrogatory 13, AppleIllinois shall produce documentation sufficient to identify the account.

Interrogatories 17 and 18: The motion to compel is denied without prejudice as to these interrogatories. The motion may be renewed after AppleIllinois has served the report of its expert on the issue of which duties are related to tipped occupations.

Document Request 39: The motion is granted, limited as follows: AppleIllinois shall produce all documents from Applebee's International, Inc. discussing or describing limitations on or distinctions regarding the duties of tipped employees as compared with non-tipped employees.

**STATEMENT**

Document Request 41: The motion is continued with respect to this request. Because AppleIllinois asserts that its tax returns "do not even mention the Individual Defendants," AppleIllinois shall deliver its tax returns (including all attachments and schedules) for the three most recent years for which it has filed to the Court for *in camera* inspection by October 5, 2010.

<u>Regarding Plaintiffs' First Set of Interrogatories and First Request for Production of Documents to defendants Smith and Kreger</u>:

Interrogatory 2: The motion is granted, limited as follows: Defendants Smith and Kreger shall supplement their answers by identifying for each position held from January 2003 to present: a) the dates each position was held; b) a general description of the duties of that position; c) the immediate subordinates, by name and title; and d) the immediate superiors, by name and title.

Interrogatory 3: The motion is denied. The interrogatory is overly broad and ambiguous.

Interrogatory 4: The motion is denied. Smith's and Kreger's answers to this interrogatory are sufficient. This is without prejudice to other discovery plaintiffs may serve on the issue of the individual defendants' financial control of AppleIllinois.

Interrogatory 5: The motion is denied. Plaintiffs' motion does not explain the relevance of the information sought in this interrogatory, which is not obvious.

Interrogatory 6: The motion is denied. Plaintiffs' motion does not explain the relevance of the information sought in this interrogatory, which is not obvious.

Document Request 6: The motion is granted, limited as follows: Defendants Smith and Kreger shall produce appointment books, calendars, date books and other documents reflecting work and business meetings and appointments for the period January 1, 2003 through the present. Defendants may redact any information of a personal nature that is not related to AppleIllinois. Those documents and the information therein shall be marked and held by plaintiffs' counsel confidential, "attorneys' eyes only," and used only for the purposes of this lawsuit.

The revised answers and documents shall be served no later than October 13, 2010.