UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GLENN DRIVER, DEMIKO D. MCCASTER, ROSAMAR MALLARI, JOYCE A. BRITTON, and MICHAEL H. HICKS, on behalf of themselves and all others similarly situated, known and unknown, <br><br> Plaintiffs, <br><br> v. <br><br> APPLEILLINOIS, LLC d/b/a APPLEBEE'S NEIGHBORHOOD GRILL & BAR, et al, <br><br> Defendants. | Case No. 06 C 6149 <br><br> Magistrate Judge Geraldine Soat Brown |

## MEMORANDUM OPINION AND ORDER

Plaintiffs in this case allege that AppleIllinois, LLC and some of its members and managers (collectively "AppleIllinois") paid them and other tipped employees sub-minimum "tip credit" wages while failing to comply with the requirements for taking such a credit under the Illinois Minimum Wage Law (IMWL), 820 Ill. Comp. Stat. 105/1, *et seq.*, and the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* (Third Am. Compl. ¶¶ 1, 19-38, 44-55.) [Dkt 141.] Classes were certified for three of Plaintiffs' IMWL claims. (Mem. Op. & Order, Mar. 2, 2010 ("Certification Order") at 2, 10, 46-47.) [Dkt 231.][1]

---

[1] Plaintiffs' motion for class certification was denied as to certain other claims. (Certification Order at 2, 46-47.) Plaintiffs did not seek collective action certification of their FLSA claims.

Now, in the wake of the Supreme Court's decision in *Wal-Mart Stores, Inc. v. Dukes*, ___ U.S. ___, 131 S. Ct. 2541 (2011), AppleIllinois moves for decertification of one of the certified classes: the "dual jobs" class consisting of "persons employed by Defendant AppleIllinois, LLC, from October 6, 2003, to the conclusion of this action, who worked as tipped employees earning a sub-minimum, tip credit wage rate, and who performed duties unrelated to their tipped occupation for which they were not paid at the minimum wage rate." (Defs.' Mot. Decertify ¶¶ 2-4 [dkt 290]; Defs.' Mem. in Supp. of Mot. Decertify ("Defs.' Mem.") at 1 [dkt 291].) Plaintiffs oppose the motion. (Pls.' Resp. Mot. Decertify.) [Dkt 311.]

**BACKGROUND**

The procedural history, factual background and legal framework of this case up to the Certification Order were described in that order, and will only be discussed here as necessary. AppleIllinois sought leave to appeal the Certification Order pursuant to Federal Rule of Civil Procedure 23(f), but the Seventh Circuit declined to accept the appeal. (Order, Case No. 10-8012, Apr. 16, 2010.) [Dkt 234.] In the summer of 2010, this court approved the form of notice and directed that it be sent to the class members. [Dkt 242.] Discovery on the merits has been completed, and Plaintiffs' motions for summary judgment are pending. [Dkt 297, 303.]

During the time AppleIllinois' motion to decertify has been under advisement, the Seventh Circuit has issued a number of opinions elucidating the application of *Wal-Mart*. The parties were permitted to supplement their briefing on the motion with submissions discussing *Messner v. Northshore U. HealthSystem*, _____ F.3d ____, No. 10-2514, 2012 WL 129991 (7th Cir. Jan. 13, 2012), and *Ross v. RBS Citizens, N.A.,* ____ F.3d _____, No. 10-3848, 2012 WL 251927 (7th Cir.

2

Jan. 27, 2012).

The Certification Order was entered after extensive briefing and oral argument by counsel for the parties. The only issue on the present motion is whether the *Wal-Mart* decision requires that the order certifying a dual jobs claim class be vacated. For the reasons set out below, the court concludes that it does not.

**LEGAL STANDARD**

The court has an ongoing obligation to "make whatever factual and legal inquiries are necessary" to ensure that all Rule 23 requirements are met. *Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 676 (7th Cir. 2001). Rule 23 permits the court to modify a ruling concerning a previously certified class: "An order that grants or denies class certification may be altered or amended before final judgment." Fed. R. Civ. P. 23(c)(1)(C). After a certification order is entered, "the judge remains free to modify it in the light of subsequent developments in the litigation." *Gen. Tel. Co. of SW v. Falcon*, 457 U.S. 147, 160 (1982). That includes the ability to decertify a class should circumstances so dictate. *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 896 (7th Cir. 1981). Modifications of an original class ruling, including decertifications, typically occur in response to a significant change in circumstances, and "[i]n the absence of materially changed or clarified circumstances . . . courts should not condone a series of rearguments on the class issues[.]" William B. Rubenstein, Alba Conte & Herbert B. Newberg, *Newberg on Class Actions,* vol. 3, § 7:47 (4th ed. 2011).

**DISCUSSION**

AppleIllinois contends that the Supreme Court's *Wal-Mart* decision clarified the "commonality" requirement for class certification contained in Federal Rule of Civil Procedure 23(a), and the dual jobs class does not meet that requirement. (Defs.' Mot. Decertify ¶ 3.) The *Wal-Mart* case concerned whether Title VII claims of employment discrimination by a putative class of 1.5 million current and former female employees of Wal-Mart Stores, Inc., were properly certified for class treatment under Rule 23(b)(2). The Court concluded that class certification was inappropriate because the plaintiffs had failed to show that there was a common question of law or fact as Rule 23(a) requires, and the plaintiffs' claims for backpay could not be properly certified under Rule 23(b)(2). *Wal-Mart*, 131 S.Ct. at 2556-57, 2561. The Supreme Court specifically noted that it did not consider whether the class could properly be certified under Rule 23(b)(3) as opposed to 23(b)(2). *Id.* at 2548-49 n. 2.

This case, involving an IMWL claim certified under Rule 23(b)(3), is significantly different from *Wal-Mart*. As the Seventh Circuit explained in *Ross*, the Title VII claims in *Wal-Mart* required that the plaintiffs show proof of discriminatory motive or intent. *Ross*, 2012 WL 251927 at * 6. The plaintiffs in *Wal-Mart* did not assert that Wal-Mart had an express corporate policy of discriminating against women but rather that Wal-Mart's policy of granting discretion to local managers over pay and promotion decisions created an unlawful disparate impact on female employees. *Wal-Mart*, 131 S.Ct. at 2548. The plaintiffs could not show commonality because "in resolving an individual's Title VII claim, the crux of the inquiry is the reason for a particular employment decision." *Id.* at 2252 (quotation omitted). The plaintiffs failed to demonstrate that there was "a common answer to the crucial question *why I was disfavored*." *Id*.

4

Here, there is a common question: whether AppleIllinois required its tipped employees to engage in duties unrelated to their tipped occupation without paying them at the minimum wage rate. Unlike a Title VII claim, the answer to that question does not involve probing into the motive or intent on the part of any defendant. "The plaintiffs' IMWL claim requires no proof of individual discriminatory intent." *Ross*, 2012 WL 251927 at * 7. The answer to "why," which is critical to a Title VII case, is irrelevant here. The analysis is strictly objective.

In order to certify the dual jobs claim for class treatment under Rule 23(b)(3), this court was required to analyze not only whether there are questions of law or fact common to the class under Rule 23(a)(1), but also whether those questions of law or fact predominate over any questions affecting only individual members. As the Certification Order reflects, before reaching that conclusion, this court required Plaintiffs to "demonstrate that there is a common method of proof for determining whether there is liability as to the defined class." (Certification Order at 37.) This court examined more than 100 declarations submitted by both sides and concluded that Plaintiffs had submitted evidence to show a practice of using tipped employees in duties arguably unrelated to their tipped occupations. "In fact, virtually all of the tipped employees who submitted declarations, even those whose declarations were submitted by AppleIllinois, stated that they performed duties that it might be argued are unrelated to their tipped occupation." (*Id*.) It appeared from the evidence presented that AppleIllinois systematically used employees compensated at the tip credit wage rate to perform untipped tasks. The legal question of whether those tasks were "unrelated" to Plaintiffs' tipped occupations is central to the issue of liability.

AppleIllinois argues on its current motion, as it did in resisting certification, that the dual jobs claim will require "detailed examinations of evidence unique to each class member." (Defs.' Mem.

5

at 12.) But that is not so if, as appears to be the case, Plaintiffs can demonstrate a practice – whether official or unofficial – of using tipped employees in unrelated tasks without separately recording the time and compensating them as required by the IMWL.

This case parallels the *Ross* case, in which the declarations supported the plaintiffs' theory that the defendant enforced an unofficial policy of denying employees overtime pay that was lawfully due. *Ross*, 2012 WL 251927 at * 7. The fact that there were at least four (and possibly more) different ways that the plaintiffs in *Ross* were required to work off-the-clock did not preclude a determination on a class-wide basis of whether there was a policy of not paying for overtime. *Id.* at * 5. Although variations among class members likely did exist, perhaps from some limited discretion of branch managers or from the varying potential causes of the improper payment, the class was nevertheless held together by the ultimate question of "whether an unlawful overtime policy prevented employees from collecting lawfully earned overtime compensation." *Id*. at *6-8; *see also Youngblood v. Family Dollar Stores, Inc.*, No. 09 Civ. 3176(RMB), 2011 WL 4597555 at *5 (S.D.N.Y. Oct. 4, 2011) ("Where, as here, there is evidence that the duties of the job are largely defined by comprehensive corporate procedures and policies, district courts have routinely certified classes of employees challenging their classification as exempt, despite arguments about 'individualized' differences in job responsibilities.").

Furthermore, "[t]he text of Rule 23(b)(3) itself contemplates that such individual questions will be present. The rule requires only that those questions not predominate over the common questions affecting the class as a whole." *Messner*, 2012 WL 129991 at *8.[2]

---

[2] AppleIllinois points to the Supreme Court's decision to vacate the judgment in *Wang v. Chinese Daily News, Inc.,* 623 F.3d 743 (9th Cir. 2010), and remand it for further consideration in light of *Wal-Mart*. *Chinese Daily News, Inc. v. Wang,* ____ U.S. ___, 132 S.Ct. 74 (2011). (Defs.'

AppleIllinois also argues that the assessment of damages is not amenable to class-wide proof, citing the Supreme Court's rejection of "Trial by Formula" in *Wal-Mart.* (Defs.' Mem. at 13.) What the Court rejected in *Wal-Mart* was the plaintiffs' effort to shoehorn the individual claims for money damages provided by Title VII into a Rule 23(b)(2) class, for which the relief is injunctive or declaratory. *Wal-Mart*, 131 S.Ct at 2557-61. "[I]ndividualized monetary claims belong in Rule 23(b)(3)." *Id*. at 2558. Here, the dual jobs class was certified as a Rule 23(b)(3) class. "It is well established that the presence of individualized questions regarding damages does not prevent certification under Rule 23(b)(3)." *Messner*, 2012 WL 129991 at *8 (citations omitted).

The fact that this is an IMWL claim facilitates the issue of damages. Although the employees bear the initial burden of showing that they worked hours for which they were not properly paid, it is the employer's duty to keep proper records. *Fast v. Applebee's Intl., Inc*., 638 F.3d 872, 881-82 (8th Cir. 2011) (citing *Anderson v. Mt. Clemems Pottery Co*, 328 U.S. 680, 686-87 (1946)). The undisputed evidence on the certification motion showed that all financial and sales records for AppleIllinois restaurants were required to be maintained in a uniform electronic recordkeeping "POS" system. (Certification Order at 4.) Accordingly, there is a centralized source of information about the time and wage records for the class members. If Applebee's did not maintain sufficient records from which the employees can differentiate between time when they performed tipped duties and time when they performed unrelated duties, the employees can use the relaxed *Mt. Clemens*

---

Suppl. Mem. re *Messner* at 2 n.1.) [Dkt 325.] In that case, the Ninth Circuit had affirmed a class certification of state law overtime pay claims under Rule 23(b)(2), using as authority its own *Wal-Mart* decision that the Supreme Court subsequently reversed. *Chinese Daily*, 632 F.3d at 754. Not surprisingly, when the legal authority upon which *Chinese Daily* rested was vacated, that decision had to be remanded for further consideration. Those circumstances do not suggest that state wage-and-hour law claims may not be certified under Rule 23(b)(3).

standard to prove their damages. *See Fast*, 638 F.3d at 882.[3] "To place the burden on the employee of proving damages with specificity would defeat the purpose of the FLSA where the employer's own actions in keeping inadequate or inaccurate records had made the best evidence of such damages unavailable." *Brown v. Family Dollar Stores of Ind.*, 534 F.3d 593, 595 (7th Cir. 2008).

Finally, for the first time in this litigation, AppleIllinois suggests that the IMWL standards might be different from the FLSA, so that the case raises "issues of first impression" under state law not appropriate for class treatment. (Defs.' Mem. at 8 n. 3.) AppleIllinois had previously agreed that the same analysis applies to both statutes. (*See* Certification Order at 7.) Also, the Illinois Administrative Code directs that FLSA regulations are to be used as guidance in interpreting the IMWL. (*Id*. (citing Ill. Admin. Code tit. 56, pt. 210.120 (2009)). There is some irony (even chutzpah) in AppleIllinois' suggestion that "it is inappropriate for a federal district court to determine these matters of first impression interpreting state law on a class basis." (Defs.' Mem. at 8 n. 3.) AppleIllinois removed this case from the Illinois state court where it had been filed as a putative class action with the same dual jobs claim. [Dkt 1.][4]

---

[3] In fact, the damages calculation should be easier in this case than in *Fast* because this court accepted Applebee's argument that trying to assess whether a tipped employee's time spent on "related tasks" exceeded 20% would be too difficult in the class context. (Certification Order at 35.) The court in *Fast*, however, agreed with the plaintiffs there that a tipped employee working over 20% of his or her time even on tasks "related" to the tipped occupation had to be compensated at the minimum wage. *Fast*, 638 F.3d at 880-81.

[4] Moreover, in considering a whether a similar dual jobs claim could proceed as both a collective action for the FLSA claim and Rule 23 class action for the IMWL claim, the Seventh Circuit observed, "The plaintiffs' claims against Outback under the IMWL and the IWPCA do not present any complex state-law issues . . . ." *Ervin v. OS Rest. Servs., Inc.*, 632 F.3d 971, 980 (7th Cir. 2011). The plaintiffs, however, subsequently withdrew their motion to certify a Rule 23 class and received permission to add opt-in FLSA plaintiffs to the state law claims. (*Ervin v. OS Rest. Servs., Inc.*, Case No. 08 C 1091, dkt 148, 151.)

In sum, Plaintiffs here have submitted substantial evidence of exactly what the Supreme Court found to be missing in *Wal-Mart*: standardized conduct that could render AppleIllinois liable to the class members for the claims alleged. Plaintiffs have submitted proof that AppleIllinois systematically used employees compensated at the tip credit wage rate to perform untipped work. What remains is a determination as to whether this company-wide practice violated the statutory rights of Plaintiffs and the class that they represent. In other words, the next step is to answer the common question identified by this court on March 2, 2010; namely, whether these untipped duties were unrelated to the tipped occupations such that they were required to be compensated at a wage rate without a tip credit. (*See* Certification Order at 36.)

**CONCLUSION**

For the reasons set forth above, Defendants' Motion to Decertify the Dual Jobs Class is denied.

IT IS SO ORDERED.

_____
Geraldine Soat Brown
United States Magistrate Judge

Dated: March 2, 2012