UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GLENN DRIVER, DEMIKO D. MCCASTER, ROSAMAR MALLARI, JOYCE A. BRITTON and MICHAEL H. HICKS, on behalf of themselves and all other persons similarly situated, known and unknown,<br>    Plaintiffs,<br><br>v.<br><br>APPLEILLINOIS, LLC d/b/a APPLEBEE'S NEIGHBORHOOD GRILL & BAR, W. CURTIS SMITH, JAMES BORKE, J. TIMOTHY BRUGH, ARCHIE IODICE, et al.,<br>    Defendants. | Case No. 06 C 6149<br><br>Magistrate Judge Geraldine Soat Brown |

## MEMORANDUM OPINION AND ORDER

Before the court is defendants AppleIllinois, LLC, *et al.*'s Motion for Summary Judgment on Plaintiffs' Notice Claim.[1] (Defs.' Mot.) [Dkt 335.] Plaintiffs filed their opposition to the motion (Pls.' Opp'n) [dkt 346], and AppleIllinois filed its reply (Defs.' Reply) [dkt 350]. For the reasons set forth below, AppleIllinois' motion is granted in part and denied in part.

### BACKGROUND

The history of this case is set out in a number of previous opinions.[2] In summary, the

---

[1] Defendants are collectively referred to herein as "AppleIllinois."

[2] *See* Mem. Op & Order, Mar. 2, 210 [dkt 231]; Mem. Op & Order, Mar. 2, 2012 [dkt 334]; Mem. Op & Order, Aug. 27, 2012 [dkt 363].

1

plaintiffs, who are present or former tipped employees at Illinois Applebee's restaurants, bring claims against AppleIllinois on behalf of a plaintiff class under the Illinois Minimum Wage Law ("IMWL"), 820 Ill. Comp. Stat. §§ 105/1, *et seq.*, the Illinois Wage Payment and Collection Act ("IWPCA"), 820 Ill. Comp. Stat. §§ 115/1, *et seq.*, and on behalf of the individual plaintiffs under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*. (Third Am. Compl.) [Dkt 141.] The plaintiff class alleges that AppleIllinois violated the IMWL in a number of ways. (*See* Mem. Op. & Order, Mar. 2, 2010 at 13.) A class was certified as to the claim that AppleIllinois violated the IMWL by failing to provide sufficient notice that AppleIllinois would take a "tip credit" as part of the employees' wages. (*Id.* at 21-22.)

**Statutory framework**

Both the FLSA and the IMWL allow employers to take a tip credit against the minimum wage for employees in occupations that customarily receive gratuities. The IMWL provides:

> Every employer of an employee engaged in an occupation in which gratuities have customarily and usually constituted and have been recognized as part of the remuneration for hire purposes is entitled to an allowance for gratuities as part of the hourly wage rate . . . . The Director shall require each employer desiring an allowance for gratuities to provide substantial evidence that the amount claimed, which may not exceed 40% of the applicable minimum wage rate, was received by the employee in the period for which the claim of exemption is made, and no part thereof was returned to the employer.

820 Ill. Comp. Stat. § 105/4(c). That allowance is the "tip credit."

The FLSA also allows a tip credit, subject to certain conditions, one of which is informing the employee about the tip credit:

> *The [tip credit] shall not apply with respect to any tipped employee unless such employee has been informed by the employer of the provisions of this subsection,* and

all tips received by such employee have been retained by the employee, except that this subsection shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips.

29 U.S.C. § 203(m) (emphasis added). The italicized language was added to the FLSA in 1974. Pub. L. No. 93-959, § 13, 88 Stat. 55, 65 (1974). It was not until 2011, however, that the United States Department of Labor ("USDOL") promulgated a regulation specifying the information required. 29 C.F.R. § 531.59.

The IMWL does not include such a specific provision relating to information about the tip credit, although it does contain a general notice provision.

> **Posting of summary of Act and regulations**. Every employer subject to any provision of this Act or of any regulations issued under this Act shall keep a summary of this Act approved by the Director [of the Illinois Department of Labor], and copies of any applicable regulations issued under this Act or a summary of such regulations, posted in a conspicuous and accessible place in or about the premises, wherever any person subject to this Act is employed. Employers shall be furnished copies of such summaries and regulations by the State on request without charge.

820 Ill. Comp. Stat. § 105/9. The IWPCA also contains a notice requirement:

> **Notification of rate, time and place of payment of wages; records; notices**. Employers shall notify employees, at the time of hiring, of *the rate of pay and of the time and place of payment. Whenever possible, such notification shall be in writing and shall be acknowledged by both parties.* Employers shall also notify employees of any change in the arrangements, specified above, prior to the time of change . . . Every employer shall post and keep posted at each regular place of business in a position easily accessible to all employees one or more notices indicating the regular pay days and the place and time for payment of his employees, and on forms supplied from time to time by the Department of Labor containing a copy or summary of the provisions of this Act.

820 Ill. Comp. Stat. § 115/10 (emphasis added).

Other than the provision quoted above regarding the tip credit, the text of the FLSA does not contain a notice and posting requirement comparable to those in the IMWL and IWPCA, but the

3

USDOL regulations require such posting.

> Every employer employing any employees subject to the Act's minimum wage provisions shall post and keep posted a notice explaining the Act, as prescribed by the Wage and Hour Division, in conspicuous places in every establishment where such employees are employed so as to permit them to observe readily a copy.

29 C.F.R. § 516.4.

**Present motion**

AppleIllinois now moves for summary judgment as to both the class's claim under the IMWL and the individual plaintiffs' claim under the FLSA on the question of whether AppleIllinois provided sufficient notice regarding its practice of taking the tip credit. It is undisputed that AppleIllinois posted a summary of the IMWL in a poster approved by the Illinois Department of Labor ("IDOL"). (Pls.' LR 56.1 Resp. ¶ 25.) [Dkt 347.] The issue with respect to the class's IMWL claim is whether, in order to take the tip credit, AppleIllinois was required to provide more information than that. With respect to the individual plaintiffs' FLSA claim, the issue is whether the information provided to the five named plaintiffs satisfied AppleIllinois' obligation under FLSA § 203(m).

**LEGAL STANDARD**

Summary judgment on all or part of a claim or defense is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To oppose a motion for summary judgment successfully, the responding party may not simply rest on its pleadings, but rather must submit evidentiary materials

4

showing that a material fact is genuinely disputed. Fed. R. Civ. P. 56(c)(1). A genuine dispute of material fact exists when there is "sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmoving party bears the responsibility of identifying applicable evidence. *Bombard v. Ft. Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir. 1996). In determining whether a genuine dispute of material fact exists, the court construes all facts and draw all reasonable and justifiable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255.[3]

**DISCUSSION**

I.   <u>The class claim under the IMWL.</u>

Plaintiffs contend that the information AppleIllinois provided to employees about the tip credit is insufficient because it fails to "inform" the employees about the tip credit, as required by FLSA § 203(m) and the regulations and case law interpreting that section. (Pls.' Opp'n at 8-10.) Plaintiffs further contend that the IMWL incorporates the requirements of FLSA § 203(m), and, they assert, if AppleIllinois failed to comply with the FLSA § 203(m), it also violated the IMWL. (Pls.'

---

[3] AppleIllinois previously moved for partial summary judgment or a pretrial ruling on the notice issue, arguing that it had provided sufficient notice of the tip credit. [Dkt 66, 67.] In a footnote, it briefly asserted without citation to authority that the IMWL does not require an employer to provide notice in order to claim the tip credit. (Defs.' Mem. Supp. Mot. Partial Summ. J. Count IV at 2 n. 2.) Plaintiffs did not respond to that argument at the time, and the court did not address it. The motion was denied in September 2008 on the ground that it was not properly brought under Rule 56: because the failure to provide tip credit notice is only one of the ways plaintiffs claim AppleIllinois violated the IMWL, deciding that would not have resolved any claim or defense. (Order, Sept. 22, 2008.) [Dkt 85.] Subsequently, Federal Rule of Civil Procedure 56 was amended to make clear that summary judgment could appropriately be rendered as to a part of a claim or defense. *See* Fed. R. Civ. P. 56(a).

Opp'n at 4-7.)

AppleIllinois' central argument is that the IMWL does not impose any obligation upon employers to provide notice to employees that the employer is taking a tip credit against the minimum wage. (Defs.' Mem. at 4.) [Dkt 336.] That cannot be literally correct. As described above, both the IWML and the IWCPA require the employer to post a summary of the IMWL approved by the Director of the IDOL. The version of the poster approved by the IDOL for 2007 included a reference to the tip credit ("A tip credit is recognized by the Act, but must not exceed 40% of the applicable minimum wage") and a box with a chart showing the minimum wage (for 2005, $6.50) and the minimum wage with tip credit (for 2005, $3.90). (Defs.' Exs., Ex. A-1.) [Dkt 338.] Advising the employee about the "rate of pay," as the employer is required to do under the IWPCA, would necessarily require the employer to tell a tipped employee that the employer will be taking the tip credit, and that the employee will be paid at the minimum wage with tip credit.[4]

The IDOL-approved poster does not, however, describe all of the provisions of FLSA § 203(m). For example, the poster text does not inform the tipped employee that all tips received by the employee are to be retained by the employee except for permitted tip pooling. The issue for the class is whether the IMWL or the IWPCA obligates the employer to go beyond posting the IDOL-approved poster and telling the employee his rate of pay, and requires the employer to provide more detail about the tip credit.

---

[4] Several regulations promulgated by the Illinois Department of Labor address an employer's obligations to maintain records regarding employee pay, and to provide notice to its employees of their rate of pay. *See, e.g.*, Ill. Admin. Code tit. 56, pt. 210.700 (2012); Ill. Admin. Code tit. 56, pt. 300.630 (2012). At least one regulation, Ill. Admin. Code tit. 56, pt. 210.720 (2012), specifically deals with records than an employer must maintain regarding payments to tipped employees, but that regulation is not the basis of the plaintiffs' argument, nor do plaintiffs cite it. (*See* Pls.' Opp'n.)

Comparing the text of the statutes does not suggest such an obligation. Congress added a clause to FLSA § 203(m) in 1974 specifically requiring employers to inform tipped employees about the tip credit. No such specific requirement appears in the IMWL or the IWPCA. On the contrary, the employer's obligation spelled out in the IMWL and the IWPCA is to post the poster approved by the Director and to tell the employee about the rate of pay.

To go beyond the text of the IMWL, plaintiffs argue that the requirements of FLSA § 203(m) are incorporated in the IMWL by implication, through case law interpreting the IMWL consistently with the FLSA and by virtue of certain IDOL regulations.

Plaintiffs correctly observe that, as a result of the common purpose and the similar language of the IMWL and the FLSA, the same analysis has generally been applied to the two statutes. *See, e.g., Condo v. Sysco Corp.*, 1 F.3d 599, 601 n. 3, 605 (7th Cir. 1993) (adopting parties' agreement that FLSA and IMWL are coextensive, and holding that the employer's overtime pay system complied with the FLSA and therefore with the IMWL); *Williams-Green v. J. Alexander's Rests., LLC*, 277 F.R.D. 374, 378 (N.D. Ill. 2011) (stating that "[t]ip credits are treated identically" under the IMWL and FLSA); *but see Turner v. Millennium Park Joint Venture, LLC,* 767 F. Supp. 2d 951, 956 (N.D. Ill. 2011) (noting "conceptual problems with "attempt to import FLSA into state law" but holding that because plaintiff had no claim under the FLSA, he would have none under the IMWL).

The Illinois Appellate Court has instructed that "[w]hen there is an absence of Illinois case law interpreting an Illinois wage statute, a court may look for guidance to federal cases interpreting an analogous federal statute, namely the Fair Labor Standards Act (FLSA)." *Lewis v. Giordano's Enters.,* 921 N.E.2d 740, 749 (Ill. App. 1st Dist. 2009) (citing prior authority). "The Illinois law [IMWL] parallels the Federal law. . . . The same analysis which applies to a violation of the FLSA

applies to State law." *Haynes v. Tru-Green Corp.*, 507 N.E.2d 945, 951 (Ill. App. 4th Dist. 1987) (holding that the employer's payment method which complied with the FLSA also complied with the IMWL). The court in both *Lewis* and *Haynes* cited, *inter alia*, the Illinois Administrative Code, which provides:

> For guidance in the interpretation of this Act and this Part, the Director may refer to the Regulations and Interpretations of the Administrator, Wage and Hour Division, U.S. Department of Labor, administering the Fair Labor Standards Act of 1938, as amended (29 U.S.C. 201 et seq.).

Ill. Admin. Code tit. 56, pt. 210.120 (2012). The Illinois Administrative Code also provides:

> All functions and powers of the Department of Labor and the Director under the Minimum Wage Law shall be exercised in cooperation with the functions and powers of the U.S. Department of Labor under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. 201 et seq.). In areas where the State and federal governments have concurrent powers under their respective statutes, the stricter of the two laws shall prevail.

Ill. Admin. Code tit. 56, pt. 210.100 (2012).

The problem with plaintiffs' application of that line of authority to the present issue is that the IMWL does not parallel the FLSA on information to be provided to employees, nor is the IMWL silent on the issue. It is different. The FLSA and the IMWL both include sections on what the employer must advise the employee. The FLSA specifically requires information on the tip credit, while the IMWL requires the employer to post an approved poster.

In light of IMWL § 105/9, the Illinois Administrative Code sections referring to the FLSA regulations for guidance in interpretation cannot, as a matter of statutory construction, import into the IMWL a greater obligation than is imposed by the statute itself. The IDOL's regulations cannot exceed the statutory authority. An agency "has no general or common law authority. The only powers it possesses are those granted to it by the legislature, and any action it takes must be

authorized by statute." *Vuagniaux v. Dept. of Prof. Reg.*, 802 N.E.2d 1156, 1164 (Ill. 2003). Where the FLSA and IMWL differ, they must be interpreted differently. *See, e.g., Molina v. First Line Solutions LLC*, 566 F. Supp. 2d 770, 783 (N.D. Ill. 2007) (finding exclusion applicable to FLSA claim but not to IMWL claim because text of statutes differed substantively); *see also Schmidt v. Smith & Wollensky, LLC*, 268 F.R.D. 323, 327 n. 4 (N.D. Ill. 2010) (rejecting plaintiffs' argument that Ill. Admin. Code tit. 56, pt. 210.120 imports into the IMWL a duty to comply with FLSA's notice requirements for the tip credit).

Plaintiffs observe that, in holding that AppleIllinois violated the IMWL by requiring the plaintiff class to work "dual jobs" without paying minimum wage for the non-tipped occupation, this court relied on USDOL regulations and interpretations of the phrase "tipped occupation." (*See* Mem. Op. & Order, Aug. 27, 2012 at 2-5.) That is because the FLSA and IMWL employ similar language to describe an employee whose wages can be reduced by the tip credit: under the IMWL, "an employee engaged in an occupation in which gratuities have customarily and usually constituted and have been recognized as part of the remuneration for hire purposes" (820 Ill. Comp. Stat. § 105/4(c)); under the FLSA, "any employee engaged in an occupation in which he customarily and regularly receives more than $30 a month in tips." (29 U.S.C. § 203(t)). In interpreting the meaning of the virtually identical language in the IMWL, Illinois law directs the court to consider FLSA regulations and federal case law. *See, e.g., Lewis*, 921 N.E.2d at 746 ("[P]rocedural distinctions between the FLSA and the Wage Law and Wage Payment Act . . . are not grounds for ignoring federal case law given the similarity in the language and the underlying purposes and public policy of the federal and state statutes.") But interpreting the meaning of language in the IMWL is entirely different from incorporating into the IMWL an obligation that is not expressed in that statute and is

9

in addition to the expressed requirement of the statute.

In construing a statute, the plain statutory language is the best indicator of legislative intent and where unambiguous, the plain language controls. *Carter v. Tennant Co.*, 383 F.3d 673, 682 (7th Cir. 2004); *Holly v. Montes*, 896 N.E.2d 267, 272 (Ill. 2008). A court "may not add exceptions, limitations, or conditions to statutes in derogation of their plain meaning." *Holly*, 892 N.E.2d at 272. Here, the IMWL expressly directs what the employer is required to post: the summary approved by the IDOL. The court cannot add a requirement to comply with the greater obligation under FLSA § 203(m).

Plaintiffs do not dispute that AppleIllinois posted the summary of the IMWL in a form approved by the IDOL. Therefore, AppleIllinois motion for summary judgment is granted as to that part the plaintiff class's claim asserting that AppleIllinois violated the IMWL by failing to provide adequate notice of the tip credit.

II.     The named plaintiffs' claim under the FLSA

    A.     The applicable standard.

There is no doubt that AppleIllinois was required to comply with FLSA § 203(m) as a condition to taking a tip credit under the FLSA. The tip credit is an exception to an employer's minimum wage obligation, and the employer has the burden of establishing its entitlement to take it. *Reich v. Chez Robert, Inc.*, 28 F.3d 401, 403 (3d Cir. 1994); *Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 467 (5th Cir. 1979). An employer who violates the provisions of § 203(m) is liable for the full minimum wage for every hour worked by the employees. *Martin v. Tango's Rest., Inc.*, 969 F.3d 1319 (1st Cir. 1992); *Chez Robert*, 28 F.3d at 404.

The parties here argue about the significance of 29 C.F.R. § 531.59(b), effective May 5, 2011, for the present issue, which is whether AppleIllinois has demonstrated that there is no genuine dispute about any material fact that it provided the information required by FLSA § 203(m) to the named plaintiffs: Glenn Driver, Demiko McCaster, Rosamar Mallari, Joyce Britton and Michael Hicks.

Before the USDOL finalized 29 C.F.R. § 531.59(b), opinions differed to some extent about what was required to "inform" employees about the provisions of § 203(m). For example, the Sixth Circuit rejected an argument that the employer must "explain" the tip credit, finding that the employer's written tip policy which "fully quoted [§ 203(m)]" and stated that "tips will be used as a credit against the minimum wage as permitted by federal and/or state law," was sufficient. *Kilgore v. Outback Steakhouse of Fla., Inc.*, 160 F.3d 294, 299-300 (6th Cir. 1998). The court in *Kilgore,* however*,* cited *Martin*, 969 F.2d 1319, in which the First Circuit suggested a broader obligation under § 203(m). The *Martin* court stated that § 203(m) requires "at the very least notice to employees of the employer's intention to treat tips as satisfying part of the employer's minimum wage obligations" but "could easily be read to require more - for example, notice of 'the amount . . . determined by the employer' to constitute wages . . . ." *Martin,* 969 F.2d at 1322. Because the employer in *Martin* had failed to provide even the minimum disclosure of its intention, it was not necessary to determine what else was required under the statute. *Id.* at 1322-23; s*ee also Chez Robert*, 28 F.3d 401.[5] The parties have not cited any Seventh Circuit opinion on the question.

---

[5] The district court in *Reich* concluded that it was not sufficient to inform employees of their hourly rate without stating the minimum wage and explaining that the actually hourly wage was the result of a deduction allowed by law when tips supplement the reduced rate. *Reich v. Chez Robert, Inc.*, 821 F. Supp. 967, 977 (D.N.J. 1993). On appeal by the plaintiff, the Third Circuit reversed on the ground that the district court's damage calculation incorrectly benefitted the defendant-employer.

Because § 203(m) requires the employer to inform the employee "of the provisions of this subsection," it is important to look at the text of the section:

> In determining the wage the employer is required to pay a tipped employee, the amount paid such employee by the employee's employer shall be an amount equal to –
> (1) the cash wage paid such employee which for purposes of such determination shall be not less than the cash wage required to be paid an employee on August 20, 1996; and
> (2) an additional amount on account of the tips received by such employee which amount is equal to the difference between the wage specified in paragraph (1) and the wage in effect under section 206(a)(1) of this title.
>
> The additional amount on account of tips may not exceed the value of the tips actually received by an employee. The preceding two sentences shall not apply with respect to any tipped employee *unless such employee has been informed by the employer of the provisions of this subsection,* and all tips received by such employee have been retained by the employee, except that this subsection shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips.

29 U.S.C. § 203(m) (emphasis added).

Certainly, § 203(m) requires that the employer inform the employee that the employer will use the tips the employee receives as a credit against the employer's obligation to pay the minimum wage, but the phrase "informed . . . of the provisions of this subsection" suggests that more is required. In rejecting a challenge to 29 C.F.R. § 531.59(b), a district court prepared a side-by-side comparison of the regulation's five requirements to the text of the subsection, and concluded that those requirements are "derived directly from the statutory text of [§ 203(m).]" *Natl. Rest. Assn. v. Solis*, 870 F. Supp. 2d 42, 54-55 (D.D.C. 2012), *appeal dismissed*, No. 12-5209, 2012 WL 3244056

---

*Chez Robert*, 28 F.3d at 403-04.

(D.C. Cir. 2012).[6] "In other words, . . . the final rule does not require employers to do anything other than what they were already obligated to do under [§ 203(m)], which is 'inform employees of the provisions of this subsection.'" *Id.* at 55. The court noted that in *Kilgore*, the employer not only informed the employees that tips would be used as a credit against wages but also "fully quoted [§ 203(m).]" *Natl. Rest.*, 870 F. Supp. 2d at 52 n. 4.

For purposes of this opinion it is not necessary to decide whether 29 C.F.R. § 531.59(b) applies "retroactively," is a "clarification of existing law" (*see Beller v. Health and Hosp. Corp. of Marion Co., Ind.*, _ F. 3d _, 2012 WL 6621326 at *2-3 (7th Cir. Dec. 20, 2012) (No. 11-3691)), or deserves no consideration here, because AppleIllinois has not demonstrated that it has met the minimal requirements under § 203(m).

      B.      AppleIllinois has not demonstrated that it is entitled to summary judgment on the named plaintiffs' claims.

AppleIllinois contends that it provided sufficient notice in three ways: through posters; through its tip-sharing agreement; and by orally advising employees of its wage practice. AppleIllinois argues that any of these three methods independently informed employees under § 203(m) (Defs.' Mem. at 8), while plaintiffs maintain that even when combined AppleIllinois did not provide sufficient notice to properly claim the tip credit (Pls.' Opp'n at 8-16).

---

[6] The regulation requires the employee to be informed of: (1) the cash wage the employee will receive; (2) the additional amount on account of tips on which the credit is claimed; (3) that the additional amount may not exceed the tips actually received; (4) that the employer cannot take the tip credit unless the employee has been informed of § 203(m); and (5) that all tips received by the employee must be retained by that employee, except tip pooling among tipped employees is permitted. 29 C.F.R. § 531.59(b).

1. *Posters.*

It is undisputed that AppleIllinois posted federal and state Department of Labor posters (first, as separate posters, and later as one combined poster) in well-traveled locations in its restaurants, and that the posters were the forms approved by IDOL and USDOL. The federal poster (Publication 1088) states the federal minimum wage (in 2007, $5.85), and with respect to the tip credit states:

> Employers of "tipped employees" must pay a cash wage of at least $2.13 per hour if they claim a tip credit against their minimum wage obligation. If an employer's tips combined with the employer's cash wage of at least $2.13 per hour do not equal the minimum hourly wage, the employer must make up the difference. Certain other conditions also must be met.

(Defs.' Exs., Ex. A-2.) The Illinois poster states the Illinois minimum wage and the Illinois minimum "with 40% tip credit" wage, but its description of the tip credit consists of the following: "A tip credit is recognized by the Act, but it must not exceed 40% of the applicable minimum wage." (*Id.*, Ex. A-1.)

The text of those posters alone cannot comply with the requirement to inform employees of the provisions of § 203(m). The federal poster discloses that an employer *may* claim a tip credit when "certain other conditions [are] met" without describing those other conditions. As the USDOL observed in issuing 29 C.F.R. § 531.59(b), "the FLSA poster (Publication 1088) provides only a limited description of the tip credit rules and recognizes that 'other conditions must also be met' . . . ." 76 Fed. Reg. 18832, 18843, 2011 WL 1231289 (Apr. 5, 2011). One of such conditions not described is the requirement of § 203(m) that the employee retain all tips except for tip pooling.

The posters also do not inform the employee that AppleIllinois intends to claim the tip credit against *its* minimum wage obligation. As described above, case law interpreting § 203(m) has

consistently required the employer to inform the employee that it will, in fact, use tips as a credit against its minimum wage obligation. "A generic government poster could inform employees that minimum wage obligations exist, but could not possibly inform employees that their employers intend to take the tip credit with respect to their salary." *Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253, 289-90 (S.D.N.Y. 2011) (rejecting argument that standard FLSA poster provided sufficient notice to claim the tip credit). "The regulation requiring the posted notice, 29 C.F.R. § 516.4, addresses a broader responsibility of the employer to inform employees of the minimum wage provisions more generally, as opposed to the tip-credit notice requirement, which deals more specifically with the provisions of 29 U.S.C. § 203." *Id*. at 290 n. 15. The posters may have fulfilled AppleIllinois' general notice obligations under 29 C.F.R. § 516.4, but are not sufficient to meet the specific obligation of § 203(m).[7]

2. *Tip-sharing agreement.*

AppleIllinois also required its employees to sign a form entitled "Voluntary Tip-Sharing Agreement." (Defs.' Exs., Ex. A-4.) It is undisputed that each named plaintiff signed the agreement.

---

[7] AppleIllinois cites *Pellon v. Bus. Representation Int'l, Inc.*, 528 F. Supp. 2d 1306 (S.D. Fla. 2007) in which the district court held that the DOL poster was sufficient. (Defs.' Reply at 11.) AppleIllinois incorrectly argues that the DOL did not "expressly disagree with or otherwise refute this finding" in the its comments on issuing 29 C.F.R. § 531.59(b). In fact, the DOL stated:

> The Department has concluded that notice of the specific provisions of [§ 203(m)] is required to adequately inform the employee of the requirements of the tip credit. To the extent that the Sixth Circuit and other courts have reached different results, the Department notes that those courts generally failed to consider the important legislative developments underlying the FLSA's tip credit provisions . . . .

76 Fed. Reg. at 18844. As mentioned above, the USDOL observed that the FLSA poster provides "only a limited description of the tip credit rules . . . ." *Id*. at 18843.

(*Id*.) The tip-sharing agreement, however, is designed to record the employee's consent to the tip pool. It does not communicate the provisions of § 203(m). The only statement about the tip credit that appears in the Voluntary Tip- Sharing Agreement is the following: "I understand that if my regular hourly wage is less than standard minimum wage, then *part of the tips* I receive *may* be used by my employer satisfy minimum wage obligations." (*Id*. (emphasis added).) It does not inform the employee of his wage rate or the fact his wage rate will actually be lower than the minimum wage; it does not state how much of the employee's tips will be used to make up the minimum wage, or even that AppleIllinois intends to use the tip credit, only that it "may" use "part of the tips." It does not state, as § 203(m) provides, that the tipped employee will retain all tips except for tip pooling.

It is undisputed that each named plaintiff also acknowledged receipt of an Employee Handbook. (Pls.' LR 56.1 Resp. ¶¶ 44-47.) AppleIllinois does not argue that the Employee Handbook contains information about the tip credit other than the Voluntary Tip-Sharing Agreement, nor is there evidence in the record demonstrating that the named plaintiffs were provided with any written material about the tip credit other than the posters and the Voluntary Tip-Sharing Agreement, which are not sufficient.[8]

---

[8] In its memorandum, AppleIllinois confusingly labels the Voluntary Tip-Sharing Agreement as the "Written Notice." (Defs.' Mem. at 9.) It further muddies the waters with the declaration of Marty Sarsany, Regional Human Resources Manger for AppleIllinois since 1998, who states that "tip credit information forms" are distributed to each tipped employee upon his or her hire. (Defs.' Ex., Ex. A, Decl. Marty Sarsany ¶ 6.) He also states that employees are provided with "a tip-credit information sheet or a Voluntary Tip-Sharing Agreement." (*Id*. ¶ 18.) From this it might appear that AppleIllinois gave employees a separate document describing the tip credit, but no such document in included in the exhibits, and AppleIllinois' memoranda clarify that the Voluntary Tip-Sharing Agreement is what Mr. Sarsany is referring to when he mentions the "tip credit information" sheet or form. Describing the Voluntary Tip-Sharing Agreement as the "tip-credit information sheet" is hardly apt when the document does not use the term "tip credit" and the entire discussion of the tip credit is the single sentence quoted above.

> What the Congress has said, in effect, to restaurant employers is that, if you precisely follow the language of [§ 203(m)] and fully inform your employees of it, you may obtain a 50 percent credit from the receipt of tips toward your obligation to pay the minimum wage. The corollary seems unavoidable: if the employer does not follow the command of the statute, he gets no credit.

*Richard v. Marriott Corp.*, 549 F.2d 303, 305 (4th Cir. 1977). Like the general language of the posters, the hypothetical language in AppleIllinois' Voluntary Tip-Sharing Agreement is too vague to inform AppleIllinois employees of the provisions of § 203(m).

### 3. *Oral notice*

Lastly, AppleIllinois asserts that it routinely provided oral notice of the application of the tipped credit to its employees. AppleIllinois supports its position with the declarations of Regional Human Resources Manager Marty Sarsany (Sarsany Decl.), Steven Schiller, the manager of the Applebee's restaurant on Grand Avenue in Chicago from 2001 to the present (Defs.' Mem., Ex. D, Decl. Steven Schiller), and Anna Ball, who was a server at the Applebee's restaurant in Tinley Park, Illinois, and an assistant manager at the Applebee's restaurants in Hodgkins, Romeoville, Crestwood and Bollingbrook, Illinois (*id*., Ex. C, Decl. Anna Ball). Mr. Sarsany states that it is AppleIllinois' policy and practice to inform each tipped employee orally at the time of hire that AppleIllinois will take a tip credit against the minimum hourly wage. (Sarsany Decl. ¶ 5.) Mr. Schiller and Ms. Ball both describe telling tipped employees what they would earn on an hourly basis and that the rate would be supplemented with their earned tips. (Schiller Decl. ¶ 5; Ball Decl. ¶ 10.) Ms. Ball states that she was promoted to Manager Recruiter in 2005 and attended a number of manager training programs in which the new managers were instructed to explain the tip pool procedures and "to tell each new employee what he or she would earn as an hourly wage and whether that wage included

17

tips." (Ball Decl. ¶¶ 14, 15.)

On the other hand, each of the named plaintiffs provided a declaration stating that "[a]t no time when I began working at Applebee's, nor anytime during the course of my employment, was I ever informed about the provisions of the tip credit law." (Pls.' LR 56.1 Resp., Ex. A.) All of the named plaintiffs worked at the Applebee's restaurant in Ford City, Chicago during 2006 to 2007. (*Id.*) Ms. Ball states that she visited the Ford City Applebee's restaurant in the period 2006-2007, and saw the federal and state posters displayed on a wall in the kitchen area. (Ball Decl. ¶ 16.) She does not state any personal knowledge of what information was provided to the named plaintiffs orally. AppleIllinois refers to the deposition testimony of plaintiffs Hicks, Driver and Mallari, but the cited testimony does not demonstrate that they were informed of the provisions of § 203(m). (*See* Defs.' LR 56.1 Stmt. ¶¶ 21-23.) [Dkt 337.][9]

The named plaintiffs have declared that they were not provided information about the provisions of the tip credit law, and AppleIllinois has not presented anyone with personal knowledge about what, if anything, those plaintiffs were told. The posters and the Voluntary Tip-Sharing Agreement do not provide sufficient information about the provisions of § 203(m). Accordingly, AppleIllinois' motion for summary judgment on the named plaintiffs' claim under the FLSA is denied.

---

[9] Plaintiff Michael Hicks, for example, testified that upon beginning employment with AppleIllinois, "I was told that I would be paid $3.90 an hour, and the tips I would receive from patrons." (Defs.'LR 56.1 Stmt. ¶ 21.) That information does not, for example, tell the employee the amount of tips AppleIllinois intended to take as a credit against its minimum wage obligation, nor that the amount AppleIllinois was permitted to take as a credit against its minimum wage obligation could not exceed the amount of tips actually received, nor that, except for the tip-pooling, the employee is entitled to retain all tips that he receives.

**CONCLUSION**

For the foregoing reasons, defendants' Motion for Summary Judgment on Plaintiffs' Notice Claim [dkt 335] is granted as to the claim by the plaintiff class that defendants violated the Illinois Minimum Wage Law by failing to provide proper notice of the tip credit, and denied as to the named plaintiffs' claim that defendants violated the Fair Labor Standards Act by failing to inform them of the provisions of 29 U.S.C. § 203(m).

**IT IS SO ORDERED.**

_____
**Geraldine Soat Brown**
**United States Magistrate Judge**

**Dated: January 8, 2013**