IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GLENN DRIVER, DEMIKO D. McCASTER ROSAMAR MALLARI, JOYCE A. BRITTON, and MICHAEL H. HICKS, on behalf of themselves and all other persons similarly situated, known and unknown,<br><br>Plaintiffs,<br><br>v.<br><br>APPLEILLINOIS, LLC d/b/a APPLEBEE'S NEIGHBORHOOD GRILL & BAR, *et al.*<br><br>Defendants. | Case No. 06 C6149<br><br>Magistrate Judge Brown |

## ORDER PRELIMINARILY APPROVING THE CLASS ACTION SETTLEMENT AGREEMENT, SCHEDULING HEARING FOR FINAL APPROVAL, AND APPROVING PROPOSED SETTLEMENT NOTICE TO CLASS MEMBERS

WHEREAS, Named Plaintiffs have filed an unopposed motion requesting an order preliminarily approving the Parties' settlement of this Litigation as stated in the Class Action Settlement Agreement, which, together with the attachments and exhibits attached thereto (collectively, "Settlement Agreement"), set forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation;

WHEREAS, the Court has read and considered the Settlement Agreement and the briefing submitted in support of preliminary approval of the Settlement;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court hereby preliminarily approves the Settlement Agreement and the Settlement set forth therein as fair, reasonable and adequate. The Settlement Agreement is the result of arm's-length negotiations, facilitated by the Settlement Conference Program of the

Court of Appeals, between experienced attorneys who are familiar with class action litigation in general and with the legal and factual issues of this case in particular.

2.   Named Plaintiffs have filed an unopposed motion for leave to file the Fourth Amended Complaint, which adds a class action vacation pay claim under the Illinois Wage Payment and Collection Act, with Named Plaintiffs Lisa Mello and David R. Zajac. Leave to file the Fourth Amended Complaint is granted.

3.   The Court previously approved Jamie G. Sypulski, of the Law Office Jamie Golden Sypulski, and Douglas M. Werman, of Werman Salas P.C., as Class Counsel in the *Driver* class certification, and the Court extends that approval to Class Counsel for the *Mello* Class. Likewise, the Court previously approved the *Driver* Named Plaintiffs as Class Representatives, and hereby approves Named Plaintiffs Lisa Mello and David R. Zajac as the *Mello* Class Representatives.

4.   The Court approves the engagement of Kurtzman Carson Consultants, LLC, to act as Claims Administrator. The costs of claims administration shall be paid out of the Settlement Fund.

5.   A hearing, for purposes of determining whether the Settlement should be finally approved, shall be held before this Court on _October 30_, 2014, at _10:30 a.m._, in Courtroom 1812 of the United States District Court, 219 South Dearborn, Chicago, Illinois. At the hearing, the Court will hear final arguments concerning whether the Settlement of the Litigation on the terms and conditions set forth in the Settlement Agreement is fair, reasonable and adequate, and should be approved by the Court. The Court will also hear at that time objections submitted by Class Members, if any. The Court will also consider Class Counsel's

request for Service Awards to the Named Plaintiffs, and the request for an award of attorneys' fees and costs.

6. The Court approves, as to form and content, the Claim Form and the Notice Forms, Exhibits B, C and D of the Settlement Agreement, and finds that the distribution of the Class Notice set forth in Sections V and VII of the Settlement Agreement: (1) meets the requirements of federal law and due process; (2) is the best notice practicable under the circumstances; and (3) shall constitute due and sufficient notice to all individuals entitled thereto.

7. All Class Members who are entitled to opt-out of the Settlement Class and do not do so shall be bound by all determinations and judgments in the Litigation concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

8. Class Members shall be required to submit a Claim Form to participate in the Settlement and receive a monetary award.

9. Class Members who wish to exclude themselves ("opt out") from the Settlement Class and not participate in the proposed Settlement must submit a written Request for Exclusion to the Claims Administrator. Each Class Member submitting a Request for Exclusion shall include his or her full name, address and telephone number, and must personally sign the Request. The Request for Exclusion must be postmarked no later than ninety (90) days after the date of mailing of the Settlement Notice Packet.

10. Class Members objecting to the terms of the settlement must do so in writing. The written objection must be sent to the Claims Administrator, and must thereafter be filed with the Clerk of the Court. The written objection must be postmarked no later than ninety (90) days after the date of mailing of the Settlement Notice Packet.

11. Any Class Member of the *Driver* or *Mello* Class may enter an appearance in the Litigation, at his or her own expense, individually or through counsel of his or her own choice. Any Class Member who does not enter an appearance or opt out of the Settlement will be represented by Class Counsel.

12. Any Class Member may appear at the Final Approval Hearing and show cause, if any, why: (1) the Settlement Agreement should or should not be approved as fair, reasonable, and adequate; (2) why a judgment should or should not be entered thereon; (3) why Named Plaintiffs should or should not receive Service Awards; and (4) why Class Counsel should or should not be awarded attorneys' fees and costs. However, no Class Member or any other person shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the judgment to be entered thereon, or if awarded, Named Plaintiff Service Awards or the attorneys' fees and costs awarded to Class Counsel, unless that person has, no later than ninety (90) days after the date of mailing of Notice of Class Action Settlement, served, by hand or by first class mail, on the Claims Administrator, written objections, and copies of any papers and briefs in support thereof explaining the basis of the objection. All such objections shall be filed with the Clerk of the Court by Class Counsel and considered and ruled upon by the Court at the Final Approval Hearing. Any Class Member who does not submit his or her objection in the manner provided above shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the proposed Settlement as incorporated in the Settlement Agreement, the Service Awards, or an award of attorneys' fees and costs to Class Counsel, unless otherwise ordered by the Court.

13. All papers in support of the Settlement shall be filed no later than seven (7) days prior to the Final Approval Hearing, including Class Counsel's petition for an award of attorneys' fees and costs.

14. The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

DATED: June 13, 2014

_____
Presiding Magistrate Judge Geraldine Brown